UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WILLIAM BANKS,<br><br>Petitioner,<br><br>v.<br><br>M.C. KRAMER, et al.,<br><br>Respondents. | No. 2:07-CV-01644-AK<br><br><br>ORDER |

Patrick William Banks was sentenced to sixteen years to life for the murder of his girlfriend. He is a prisoner of California and petitions for a writ of habeas corpus, challenging his denial of parole by the California Board of Prison Terms.

**1.** The state argues that the petition is untimely. A habeas petition must be filed in federal court within one year of the time that due diligence could have revealed the "factual predicate of the . . . claims presented." 28 U.S.C. § 2244(d)(1)(D). All of Banks's claims arise out of a parole hearing on August 30, 2005. He received a transcript of those proceedings on October 20, 2005, and the state argues that the one-year period began on that day. However, as explained at the

page 2

hearing, the initial decision is tentative and subsequently reviewed. Until the decision is final, there isn't a factual predicate to discover. Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003).

The Board's denial of parole became final on December 28, 2005. The state concedes that the one-year period was tolled for 252 days while Banks's petition was pending before the California Court of Appeal and the California Supreme Court. Added to the statutory period, Banks had a total of 617 days—from December 28, 2005 until September 6, 2007—to petition for a writ of habeas corpus; he did so on August 10, 2007. The petition is timely.

**2.** Banks argues that the Board deprived him of due process by denying him parole based only on the underlying facts of his crime without any evidence of future dangerousness. When a prisoner's habeas petition has been adjudicated on the merits in state court, the writ will issue only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is contrary to law "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). By contrast, an unreasonable application occurs when "the state

court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407.

Under California law, denying parole deprives a prisoner of liberty within the meaning of the Fourteenth Amendment. See Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006). It has also been surmised that repeatedly denying parole based only on the commitment offense could eventually ripen into a due process violation. Id. at 1129.

On habeas review, a parole decision and attendant findings of future dangerousness must only be supported by "some evidence." Id. at 1128–29. This standard is low and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence," but only requires a court to decide "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 1128 (quoting Superintendent v. Hill, 472 U.S. 445, 455–56 (1985)) (emphasis added).

The California Supreme Court's summary denial of the petition is deemed to rest on the same grounds as the last reasoned state court decision, which was the opinion of the San Joaquin Superior Court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The Superior Court properly considered whether some evidence in the record supported the Board's decision, noting that the Board had expressed concern about

page 4

Banks's need for treatment to address his future attitude toward women. The record establishes that Banks didn't participate in any therapy or programs designed to address this issue specifically. The Board also engaged in extensive questioning to determine whether and how Banks's attitude toward women had changed. Banks's treatment history and testimony before the Board constitute evidence for its decision; the state court therefore didn't unreasonably apply the "some evidence" standard.

**3.** Banks next argues that he was denied due process because the Board is biased against "lifers," rarely granting them release. The Supreme Court has held that due process requires a "neutral and detached" hearing body. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). The state court recognized Banks's right to have discretion exercised by the Board in good faith. It further found that the Board had given Banks such good faith consideration, and that its decision was meant to ensure public safety. Banks doesn't point to any evidence in the record that would demonstrate individualized bias in his case, and when asked, didn't object to the assigned commissioners at the parole hearing. In fact, Banks's counsel affirmed at the parole hearing that there was no personal animus against him. Given the lack of evidence of personal bias, the state court's conclusion that the Board acted in good faith wasn't an unreasonable application of Morrissey.

To the extent that Banks argues that the Board is biased in the sense of preferring not to grant parole to lifers, this isn't bias as that term is understood for due process purposes. Rather, this is a policy disagreement: an argument that the Board has struck a balance between freedom for the prisoner and safety for the community too far in the direction of safety. This sort of bias can only be corrected through the political process.

**4.** Finally, Banks argues that refusing to release him on parole is cruel and unusual punishment in violation of the Eighth Amendment. The state court didn't address this claim, but the Supreme Court has affirmed the constitutionality of a life sentence even for non-violent property crimes. Rummel v. Estelle, 445 U.S. 263, 274 (1980) (holding that "the length of the sentence actually imposed is purely a matter of legislative prerogative"). A life sentence for murder, therefore, wouldn't be cruel and unusual.

The petition for a writ of habeas corpus is DENIED.

ALEX KOZINSKI
Chief Circuit Judge[*]

January 29, 2009

---

[*]     Sitting by designation pursuant to 28 U.S.C. § 291(b).