UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK WILLIAM BANKS**, <br><br> Petitioner, <br><br> v. <br><br> **M.C. KRAMER, et al.**, <br><br> Respondents. | No. 2:07-CV-01644-AK <br><br><br> **ORDER** |

I previously denied Patrick William Banks's petition for a writ of habeas corpus.  Banks v. Kramer, No. 2:07-cv-01644 (AK), 2009 WL 256449, at *2 (E.D. Cal. Jan. 30, 2009).  Banks can't appeal without a certificate of appealability, see Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010) (en banc), which I may not grant unless I believe that "reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see 28 U.S.C. § 2253(c)(2).

Banks has not shown that jurists of reason could debate that there is "some evidence" underlying the Board's decision not to grant parole.  The California Superior Court noted the Board's concerns about Banks's need for treatment to

page 2

address his attitude towards women.  The Board described Banks's crime as "a murder of abuse" and was concerned that Banks had "failed to call it what it is."  The California Supreme Court has held that "an inmate's lack of insight into the factors leading to the crime could meet the 'some evidence' standard" in a case where the defendant denied his history of domestic abuse.  <u>Benson</u> v. <u>Alameida</u>, No. CIV-S-05-2022 (GEB) (KJM), 2010 WL 3852344, at *7 (E.D. Cal. Sept. 30, 2010) (discussing <u>In re Shaputis</u>, 190 P.3d 573 (Cal. 2008)).  Banks called the murder an "accident" until the year before his parole hearing and never acknowledged that "this was a battering case."  Because the Board's decision rested on "some evidence," Banks was not denied due process.

The Board also denied parole because Banks has not sought treatment for domestic violence.  Although Banks has participated in other self-help programs, the record reflects that Banks has not participated in any programs specifically designed to deal with this issue.  <u>See</u> <u>Gipson</u> v. <u>Sisto</u>, No. 2:07-cv-00260 (MSB), 2010 WL 4720863, at *9 (E.D. Cal. Nov. 17, 2010) (Berzon, J., sitting by designation) (holding that failure to participate in beneficial self-help and therapy programs constituted "some evidence" to deny parole).  Reasonable jurists would not disagree with my conclusion that the state court reasonably applied the "some evidence" standard.

Nor would reasonable jurists disagree with my resolution of Banks's other

claims.  Banks provided no evidence that the Board was biased against him or against "lifers" in general.  And life imprisonment for murder is not cruel and unusual punishment under the Eighth Amendment.  See <u>Rummel</u> v. <u>Estelle</u>, 445 U.S. 263, 274 (1980).

The certificate of appealability is **DENIED**.

December 9, 2010

_____
**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation